# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

May 7, 2004

Mr. Randall H. Riley, Executive Director
Texas Building and Procurement Commission
Post Office Box 13047
Austin, Texas 78711

Opinion No. GA-0184

Re: Whether "vessel and outboard motor ownership records" are "customer information" under section 11.030 of the Parks and Wildlife Code (RQ-0132-GA)

Dear Mr. Riley:

You ask whether "vessel and outboard motor ownership records" are "customer information" under section 11.030 of the Parks and Wildlife Code.[1]

Your questions arise from a request for public information submitted to the Texas Parks and Wildlife Department ("TPWD") in July 2003. TPWD did not object to providing the information, but disagreed with the requestor over whether the charges for providing it should be governed by Parks and Wildlife Code section 11.030 or Government Code section 552.262(a), a Public Information Act provision that generally authorizes your agency to adopt rules for governmental bodies to use in determining charges for providing public information. *See* TEX. GOV'T CODE ANN. § 552.262(a) (Vernon Supp. 2004) ("The rules . . . shall be used by each governmental body in determining charges for providing copies of public information . . . except to the extent that other law provides for charges for specific kinds of public information."). TPWD proposed to charge the requestor under section 11.030. The requestor submitted a complaint to your agency alleging that TPWD "is attempting to overcharge for copies of public information because the charges proposed by TPWD were not determined in accordance with" Government Code section 552.262(a). Request Letter, *supra* note 1, at 1.

First, you ask whether TPWD "vessel and outboard motor ownership records" are "customer information" under Parks and Wildlife Code section 11.030. *Id.* at 2 (question 1).

---

[1]Letter from Mr. Randall H. Riley, Executive Director, Texas Building and Procurement Commission, to Honorable Greg Abbott, Texas Attorney General (Nov. 18, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Both the requestor and TPWD appear to agree that the requested records are "ownership records" under chapter 31 of the Parks and Wildlife Code.[2] Section 31.039 of the Parks and Wildlife Code provides that "[a]ll ownership records of the department made or kept under this chapter are public records." TEX. PARKS & WILD. CODE ANN. § 31.039(a) (Vernon Supp. 2004).[3] Chapter 31 does not define the term "ownership records," but the term clearly refers to records made or kept by TPWD in connection with its chapter 31 duties. *See id.* For example, subchapter B-1 requires vessel owners and outboard motor owners[4] to obtain certificates of title, which TPWD issues. *See id.* §§ 31.045(a) (Vernon 2002) ("The ownership of a vessel or of an outboard motor is evidenced by a certificate of title issued by the department, unless the vessel or the outboard motor is new."), 31.045(b) ("The ownership of a new vessel or a new outboard motor is evidenced by a manufacturer's or an importer's certificate executed on a form prescribed by the department."), 31.046 (requiring purchaser, dealer, or manufacturer of a vessel or an outboard motor to apply to TPWD or to a county tax assessor-collector for a certificate of title). In addition, TPWD issues "certificates of number." *Id.* § 31.034. Subchapter B requires that "each vessel on the water of this state shall be numbered . . . unless specifically exempted." *Id.* § 31.021 (Vernon Supp. 2004). A certificate of title is required as proof of ownership of a vessel for which a certificate of number is sought under subchapter B. *Id.* § 31.036 (Vernon 2002).

TPWD suggests that ownership records also constitute "customer information" under section 11.030 of the Parks and Wildlife Code.[5] "Customer information" is "[t]he name and address and a telephone, social security, driver's license, bank account, credit card, or charge card number of a person who purchases customer products, licenses, or services from the department." *Id.* § 11.030(a). Section 11.030 provides that this information is not public information under the Public Information Act, *see id.* § 11.030(b) ("Chapter 552, Government Code, does not apply to customer

---

[2]*See* Brief from Ann Bright, General Counsel, Texas Parks and Wildlife Department, to Honorable Greg Abbott, Texas Attorney General at 3 (Jan. 8, 2004) (on file with Opinion Committee) [hereinafter TPWD Brief]; Letter from Ann Bright, General Counsel, Texas Parks and Wildlife Department, to Honorable Greg Abbott, Texas Attorney General at 2-3 (Aug. 14, 2003) (on file with Opinion Committee); Brief from Mark J. Cannan, Clemens & Spencer, Attorneys at Law, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General (Jan. 9, 2004) (on file with Opinion Committee).

[3]TPWD or a county may not release the name or address of a person recorded in TPWD vessel and outboard motor ownership records unless TPWD or the county receives a written request that: (i) contains the requestor's name and address; and (ii) states that the use of the information is for a lawful purpose. *See* TEX. PARKS & WILD. CODE ANN. § 31.0391(a) (Vernon 2002).

[4]*See id.* § 31.003(2) (Vernon Supp. 2004) ("'Vessel' means any watercraft, other than a seaplane on water, used or capable of being used for transportation on water."), § 31.003(13) ("'Outboard motor' means any self-contained internal combustion propulsion system, excluding fuel supply, which is used to propel a vessel and which is detachable as a unit from the vessel.").

[5]*See* TPWD Brief, *supra* note 2, at 3 ("section 11.030 includes TPWD's boat registration customer information").

information described by Subsection (a)."),[6] and requires TPWD "by rule [to] adopt policies relating to," among other things, "the sale of a mailing list consisting of the names and addresses of persons who purchase customer products, licenses, or services," *id.* § 11.030(c)(3). Thus, charges for providing customer information are governed by TPWD's rules rather than your agency's.

Your first question asks, in essence, whether TPWD's position that ownership records also constitute customer information is correct. *See* Request Letter, *supra* note 1, at 2. We conclude that it is not.

First, as defined by section 11.030, "customer information" is certain information pertaining to "a person who purchases customer products, licenses, or services from the department." TEX. PARKS & WILD. CODE ANN. § 11.030(a) (Vernon 2002). The Parks and Wildlife Code authorizes TPWD to sell a variety of customer products. *See, e.g., id.* §§ 12.006 ("The department may provide or sell information, including books, magazines, photographs, prints, and bulletins, to the public about wildlife values and management."), 13.017(a) ("The department may provide or sell information, including books, magazines, photographs, prints, and bulletins, to the public on state parks."). It also generally requires a person to obtain a hunting or fishing license in order to hunt or fish, *see id.* §§ 42.002 (Vernon Supp. 2004) ("Except as provided by Subsections (b) and (c) of this section, no resident may hunt any bird or animal in this state without having acquired a hunting license."), 46.001 (Vernon 2002) ("No person may fish in the public water of this state unless he has acquired a fishing license issued under this subchapter."), and requires specific licenses to engage in other related activities, *see id.* chs. 43-49, 71-78 (Vernon 2002 & Supp. 2004). In addition, TPWD may charge and collect park user fees for park services. *See id.* § 13.015 (Vernon 2002).[7]

A certificate of title or identification number required by chapter 31 is not a product or a service. In addition, given that the term "license" in the Parks and Wildlife Code is used in connection with licenses to hunt, fish, and engage in other specific activities, and is not used in connection with certificates of title or identification numbers, we do not believe that a vessel or outboard motor certificate of title or identification number is a license. Therefore, a person who obtains a certificate of title or identification number does not "purchase[] customer products, licenses, or services from the department." *Id.* § 11.030. Accordingly, "vessel and outboard motor ownership records" are not "customer information" under Parks and Wildlife Code section 11.030.

[6]Customer service information may not be disclosed except as authorized under section 11.030 or section 12.0251. *See* TEX. PARKS & WILD. CODE ANN. § 11.030(a) (Vernon 2002). Section 12.0251 applies to "information [] collected by [TPWD] in response to a landowner request relating to the specific location, species identification, or quantity of any animal or plant life that is: (1) protected by this code; and (2) located on private land that: (A) is subject to a wildlife management plan developed cooperatively with [TPWD] for private land; or (B) is the subject of a recommendation report prepared by [TPWD] for the landowner." *Id.* § 12.0251(a). TPWD may disclose such information only to the landowner unless (i) the landowner consents to full or specified partial disclosure of information, and (ii) the consent is in writing and is attached to the plan or recommendation report. *See id.* § 12.0251(b).

[7]Parks and Wildlife Code, chapter 11, subchapter I also generally authorizes TPWD to offer services and products on a statewide basis pursuant to a business plan. *See* TEX. PARKS & WILD. CODE ANN. § 11.152 (Vernon 2002) ("Each business plan developed under this subchapter must include . . . a description of the product or service provided; . . .").

Second, even if a certificate of title or identification number is a product, license or service within the meaning of section 11.030, section 31.039 removes any "ownership record" that might otherwise constitute "customer information" from section 11.030's scope. The legislature has distinguished between ownership records and customer information by providing in section 31.039 that ownership records are public records and providing in section 11.030 that customer information is not public information. Given that the legislature has clearly provided that ownership records are public records, it is not reasonable to conclude that the legislature intended them to be a subset of customer information, which is not subject to the Public Information Act. Such a construction would render ineffective the express provision in section 31.039 that ownership records are public records. *See* TEX. GOV'T CODE ANN. § 311.021(2)-(3) (Vernon 1998) (in enacting a statute, it is presumed that the entire statute is intended to be effective and a reasonable result is intended).

Third, section 11.030 has required TPWD to adopt rules relating to the sale of customer information since 1995. *See* Act of May 22, 1995, 74th Leg., R.S., ch. 519, § 1, 1995 Tex. Gen. Laws 3274, 3275 (enacting section 11.030 of the Parks and Wildlife Code). The legislature recently amended section 31.039 of the Parks and Wildlife Code to provide that TPWD "may by rule charge a fee for access to ownership records and other records made or kept under" chapter 31. TEX. PARKS & WILD. CODE ANN. § 31.039(b), *as enacted by* Act of June 1, 2003, 78th Leg., R.S., ch. 200, § 8(e), 2003 Tex. Gen. Laws 784, 787, *and* Act of May 22, 2003, 78th Leg., R.S., ch. 1133, § 5, 2003 Tex. Gen. Laws 3223, 3224. If ownership records were subject to section 11.030 and TPWD customer-information rules, this provision would have been unnecessary. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998) (in enacting a statute, it is presumed that the entire statute is intended to be effective).

Your second question is premised on an affirmative answer to your first question about whether ownership records constitute customer information: "If the answer to (1) is 'Yes', does [Parks and Wildlife Code section] 11.030 qualify as 'other law' for purposes of" Government Code section 552.262(a). Request Letter, *supra* note 1, at 3. Because we conclude that "vessel and outboard motor ownership records" are not "customer information" under Parks and Wildlife Code section 11.030, we need not reach your second question.[8]

---

[8]Section 31.039(b) of the Parks and Wildlife Code providing that TPWD "may by rule charge a fee for access to ownership records and other records made or kept under" chapter 31, TEX. PARKS & WILD. CODE ANN. § 31.039(b), *as enacted by* Act of June 1, 2003, 78th Leg., R.S., ch. 200, § 8(e), 2003 Tex. Gen. Laws 784, 787, *and* Act of May 22, 2003, 78th Leg., R.S., ch. 1133, § 5, 2003 Tex. Gen. Laws 3223, 3224, became effective on September 1, 2003, after the requestor submitted the request at issue to TPWD. *See* Act of June 1, 2003, § 8(n) (requiring TPWD to adopt implementing rules not later than January 1, 2004), § 8(p) (effective date), 2003 Tex. Gen. Laws 784, 790; Act of May 22, 2003, §§ 14 (requiring TPWD to adopt implementing rules not later than January 1, 2004), 15 (effective date), 2003 Tex. Gen. Laws 3223, 3227. You do not ask us to address that provision's relationship to Government Code section 552.262.

## S U M M A R Y

"Vessel and outboard motor ownership records" made or kept by the Texas Parks and Wildlife Department under chapter 31 of the Parks and Wildlife Code are not "customer information" under section 11.030 of that code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee